UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA,

                Plaintiffs,

                07 CV 959 (RPP)

        - against -

**OPINION AND ORDER**

M/V "EASLINE TIANJIN," her engines, boilers, etc.
KAWASAKI KISEN KAISHA, LTD., CHINA UNITED
TRANSPORT INC., C.U. TRANSPORT
INC., and JC TRANS LOGISTICS, INC.

                Defendants.
------------------------------------------------------------------------X

INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA, *as subrogor of* G-III Apparel Group, Ltd..

                Plaintiff,

                07 CV 6008 (RPP)

        - against -

M/V "EASLINE TIANJIN," her engines, boilers, etc. and
KAWASAKI KISEN KAISHA, LTD.

                Defendants.
------------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        Both of these actions are admiralty claims for loss of cargo aboard the M/V Easline Tianjin during a voyage from Xingang, China, to ports in the United States. Plaintiff, Indemnity Insurance Company of North America ("Indemnity"), as the subrogated insurer of the cargo, filed a complaint in 07CV959 on February 9, 2007, and a

complaint in 07CV6008 on June 25, 2007. Kawasaki Kisen Kaisha, Ltd. ("K-Line") was named as a Defendant in both actions. C.U. Transport Inc. and China United Transport Inc. (collectively known as "C.U. Transport") were named as Defendants only in 07CV959.

On July 31, 2007, Defendants K-Line and C.U. Transport filed motions to dismiss the complaints for lack of jurisdiction, K-Line arguing that its Bill of Lading contains a mandatory and exclusive Japanese forum selection clause requiring all suits to be brought before the Tokyo District Court, and C.U. Transport stating that its Bill of Lading contains a mandatory and exclusive forum selection clause requiring suit to be brought in the People's Republic of China. On December 5, 2007, Plaintiff filed a Memorandum of Law in Opposition to C.U. Transport's Motion to Dismiss the Complaint. The Court has received no opposition to K-Line's motion from Plaintiff. For the reasons set forth below, Defendants' motions in both cases are granted.

**I. BACKGROUND**

   A. *The K-Line Waybills and Bills of Lading*

On July 7, 2006, K-Line issued four non-negotiable waybills to Eddie Bauer, Inc., naming Eddie Bauer, Inc. as consignee. The K-Line waybills state: "MERCHANT SPECIFICALLY AGREES THAT ITS ATTENTION HAS BEEN DRAWN TO AND THAT IT HAS ACCEPTED THE 'K' LINE COMBINED TRANSPORT BILL OF LADING" (emphasis in original) (Waybills, Johnson Decl., Ex. I.). The K-Line Bill of Lading states: "In accepting this bill of lading, Merchant agrees to be bound by all the stipulations, exceptions, terms and conditions on the face and back hereof." (Johnson

Decl., Ex. G.) In the section entitled "Governing Law and Jurisdiction," the K-Line Bill of Lading states:

> "[t]he contract evidenced by or contained in this Bill of Lading shall be governed by Japanese law except as may be otherwise provided for herein, and any action thereunder or in connection with Carriage of Goods *shall be brought before the Tokyo District Court in Japan, to whose jurisdiction Merchant irrevocably consents*."

(Johnson Decl., Ex. K at ¶ 2 (emphasis added).)

K-Line's Bill of Lading states that the United States Carriage of Goods by Sea Act shall apply to shipments to or from the United States. (Id. at ¶ 4.)

### B. *C.U. Transport's Bill of Lading*

The C.U. Transport Bill of Lading was issued on July 8, 2006. In a section entitled "Jurisdiction," the C.U. Transport Bill of Lading states, "[a]ny dispute arising under and/or in connection with the Bill of Lading shall be determined by the court in the People's Republic of China." (Vengrow Decl., Ex. B.)

## II. DISCUSSION

When bills of lading contain a contractual clause designating a forum for resolution of dispute, "the burden [is] on the plaintiff, who brought suit in a forum other than the one designated by the forum selection clause, to make a 'strong showing' in order to overcome the presumption of enforceability." New Moon Shipping Co. v. MAN B&W Diesel AG, 121 F.3d 24, 29 (2d Cir. 1997) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). See also Vimar Seguros Y Reaseguros v. M/V Sky Reefer, 515 U.S. 528 (1995); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614 (1985).

"A party challenging a contractual forum selection clause can demonstrate the unreasonableness of the clause only by demonstrating that: (i) the selection of forum in the contract was the result of fraud or overreaching; (ii) he or she will be effectively deprived of a 'day in court' due to the grave inconvenience or unfairness of the selected forum, Bremen; (iii) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (iv) if the clauses contravene a strong public policy of the forum state." Insurance Corp. v. Latino Americana de Reaseguros, S.A., 868 F. Supp. 520, 529 (S.D.N.Y. 1994) (relying on M/S Bremen at 10, 12-13, 15, 18). See also Roby v. Corporation of Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993). Here, Plaintiff has not made any response to K-Line's motion. Accordingly, the motion to dismiss the complaints against K-Line is granted.[1]

With regard to C.U. Transport's motion, Plaintiff has filed a Memorandum of Law in Opposition arguing that 1) the jurisdiction clause is permissive and does not exclude litigation in this Court; and 2) the actions should remain in this Court in the interests of fairness and judicial economy of the related actions. (Pl.'s Mem. in Opp'n at 1-2.) As most of the related actions have now settled, Plaintiff's second point is moot.

Plaintiff relies on Hartford Fire Ins. Co. v. Novocargo USA Inc., 156 F. Supp. 2d 372 (S.D.N.Y. 2001), which involved different facts. There, the district court noted that some of the bills of lading involved in the case had a provision "that required suits to be brought in the federal courts of the United States, [and]…there is a question as to whether plaintiffs could have foreseen being hailed into a German court in connection with the

---

[1] See also Am. Home Assur. Co. v. M/V Jaami, 2007 U.S. Dist. LEXIS 25864 at *6-7 (S.D.N.Y. 2007) (enforcing same Japanese forum selection clause as "mandatory, exclusive, and unambiguous"); Vigilant Ins. Co. v. Nippon Yusen Kaisha (NYK Line), 1998 U.S. Dist. LEXIS 10491 (S.D.N.Y. 1998) (enforcing same Japanese forum selection clause).

contract to carry the cargo in suit." Id. at 376. Here, there are no bills of lading requiring suit in the United States, and thus no question that Plaintiff's subrogee reasonably foresaw being relegated to the courts of the People's Republic of China. Also, in Hartford, the district court held that a German selection clause was permissive rather than mandatory by relying on language in the Second Circuit's decision in John Boutari and Son, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc., 22 F.3d 51 (2d Cir. 1994). There, the Second Circuit held that a forum selection clause "will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." Id. at 52.

In Boutari, the foreign selection clause was different from those in the instant case. There, the clause stated "any dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessalonkiki Courts." Id. That clause only bestowed jurisdiction on the Thessalonkiki Courts, and did not mandate that any dispute be heard in those courts. Id. at 53.

Here, C.U. Transport's Bill of Lading states that the dispute "shall be determined by the court in the People's Republic of China." (Vengrow Decl., Ex. B.) C.U. Transport's Bill of Lading is not merely jurisdiction-conferring as was the clause in Boutari; rather, it exclusively confers jurisdiction on courts in the People's Republic of China. See AVC Nederland B.V. v. Atrium Inv. Pshp., 740 F.2d 148, 155 (2d Cir. 1984) (holding that a forum selection clause similar to that in C.U. Transport's Bill of Lading was mandatory and "*more* than a jurisdiction-conferring clause which, although providing a plaintiff with a guaranteed forum, does not deprive him of the right to sue in another having personal jurisdiction over the defendant." (emphasis added)).

5

In addition, a number of decisions in this district that have specifically upheld forum selection clauses similar to that in C.U. Transport's Bill of Lading. See, e.g., LPR, SRL v. Challenger Overseas, LLC, 2000 U.S. Dist. LEXIS 9746 at *7 (S.D.N.Y. 2000) (enforcing as mandatory a forum selection clause stating that "all disputes arising under or in connection with this Bill of Lading shall be determined by the laws of the People's Republic of China and any action against the Carrier shall be brought before the Shanghai Maritime Court or other maritime courts in the People's Republic of China, as the case may be."); Thyssen, Inc. v. M/V Alpha Jupiter, 1997 U.S. Dist. LEXIS 23803 at *18 (S.D.N.Y. 1997) (enforcing as mandatory and exclusive a forum selection clause stating that "[a]ll disputes arising under and in connection with this Bill of Lading shall be determined by the court in the People's Republic of China."); Hyundai Corp. U.S.A. v. M/V An Long Jiang, 1998 U.S. Dist. LEXIS 254 at *1-2 (S.D.N.Y. 1998) (enforcing a forum selection clause stating that "[a]ny and all action concerning custody or carriage under this Bill of Lading whether based on breach of contract, tort or otherwise shall be brought before the Seoul Civil District Court in Korea.")

Lastly, Plaintiff requests that if C.U. Transport's motion is granted the Court condition the dismissal on C.U. Transport waiving any statute of limitations defense in the forum selected. (Pl.'s Mem. in Opp'n at 4.) To condition the dismissal in the manner requested would give Plaintiff a means to circumvent the policy in Bremen and Sky Reefer by filing complaints in the wrong forum. See New Moon Shipping Co., at 33 ("consideration of a statute of limitations would create a large loophole for the party seeking to avoid enforcement of the forum selection clause. That party could simply postpone its cause of action until the statute of limitations has run in the chosen forum

and then file its action in a more convenient forum"); Am. Home Assur. Co. v. M/V Jaami, 2007 U.S. Dist. LEXIS 25864 at *11-13 (S.D.N.Y. 2007) (holding that a plaintiff bears the burden of the running the statute of limitations."); Street, Sound Around Elecs., Inc. v. M/V Royal Container, 30 F. Supp. 2d 661, 663 (S.D.N.Y. 1999) ("By bringing suit here and not in Germany, plaintiffs have effectively chosen to ignore the forum selection clause that they previously agreed to; plaintiffs will not be heard now to complain of any potential timeliness problems that this choice may have created."); Chiyoda Fire & Marine Ins. Co. of Am. v. M/V Hyundai Freedom, 1999 U.S. Dist. LEXIS 19993 at *5 (S.D.N.Y. 1999) ("Numerous courts have emphasized the principle that when a plaintiff initially files in an improper forum despite a contractual obligation, plaintiff and not defendant should bear the burden of the running of the statute of limitations."); 3 P.P.D. Int'l Corp. v. M/V Cast Muskox, 1995 U.S. Dist. LEXIS 18200 at *1 (S.D.N.Y. 1995) ("To allow plaintiff to choose the forum of this Court in the face of a mandatory forum selection clause requiring suit in another country and argue, based on the subsequent running of the statute of limitations in the foreign forum, that the foreign forum is not adequate would be to permit counsel to circumvent the Sky Reefer decision."). Therefore, that request by Plaintiff is denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted.

IT IS SO ORDERED.

Dated: New York, New York
February **13**, 2008

Robert P. Patterson, Jr.
U.S.D.J.

*Copy of this Opinion and Order Sent to:*

**Counsel for Plaintiff**

Mr. David Louis Mazaroli, Esq.
11 Park Place, Suite 1214
New York, NY 10007
Tel: (212) 267-8480
Fax: (212) 732-7352

Mr. Martin F Casey, Esq.
Casey & Barnett, LLC
317 Madison Avenue, 21st Floor
New York, NY 10017
(212) 286-0225
Fax: (212) 286-0261

**Counsel for Defendants**

Mr. Stephen H Vengrow
Cichanowicz, Callan, Keane, Vengrow & Textor
61 Broadway, Suite 3000
New York, NY 10006
Tel: 212-344-7042
Fax: 212-344-7285

Mr. Edward A. Keane, Esq.
Mr. Garth S. Wolfson, Esq.
Mahoney & Keane, LLP
111 Broadway
New York, NY 10006
Tel: 212 385-1422
Fax: (212) 385-1605